**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NANA KEITA**<br>**Plaintiff**<br><br>**v.**<br><br>**DELTA COMMUNITY SUPPORTS, INC.**<br>**Defendant** | Civil Action No. 19-5967 |

**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS**

**Baylson, J.**                                                                                                             **June 24, 2020**

**I.     Introduction**

In this action, Nana Keita ("Plaintiff") alleges that her former employer, Delta Community Supports, Inc. ("Defendant"), violated her rights by terminating her employment. Plaintiff alleges four counts in her Complaint ("Compl.") (ECF 1):

- **Count I:** Gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.;

- **Count II:** Pregnancy discrimination and retaliation under the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), et seq.;

- **Count III:** Discrimination under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq.; and

- **Count IV:** Retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq..

In response, Defendant moved to dismiss[1] Counts I, II, and III pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (ECF 6).[2] For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED** as to Counts I, II, and III. Counts I, II, and III are dismissed without prejudice and Plaintiff may file an amended complaint within thirty (30) days.

## II.    Factual Allegations

The factual background is drawn from the allegations in the Complaint. The Court takes the facts alleged by Plaintiff as true and construes them in her favor, as is required at the motion to dismiss stage. Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Plaintiff is a woman who was pregnant and gave birth in 2018. (Compl. at ¶¶ 2, 16, 18.) At the time of her pregnancy, Plaintiff worked for the Defendant, as a Care Giver at a group home in Bensalem, Pennsylvania. (Id. at ¶ 14.)

On or about August 8, 2016, Plaintiff began her employment with Defendant. (Id. at ¶ 14.) Plaintiff performed her job satisfactorily, receiving occasional praise, positive reviews, and no discipline during her employment with Defendant. (Id. at ¶ 15.) In or around July to August 2018, Plaintiff notified Defendant that she was pregnant and would require leave under the FMLA for the birth of her child. (Id. at ¶ 16.) Plaintiff applied and was approved for leave from December 13, 2018 (her due date) until March 3, 2019. (Id. at ¶ 17.)

The birth of Plaintiff's daughter on December 12, 2018 was without complications. (Id. at ¶ 19.) On or about January 23, 2019, Plaintiff was cleared by her doctor to return to work without

---

[1] ECF 6 contains two documents, Defendant's Motion to Dismiss (pages 1-4 of ECF 6) ("Mot. to Dismiss") and a Memorandum of Law in Support of the Motion to Dismiss (pages 5-13 of ECF 6) ("Mem. of Law"). This memorandum references the ECF page numbers.
[2] Defendant does not seek dismissal of Count IV alleging retaliation under the FMLA. Plaintiff alleges retaliation not only under the FMLA, but Title VII as well. To the extent this memorandum discusses retaliation for gender and pregnancy, the discussion is confined to Counts I, II, and III.

restrictions on February 18, 2019. (Id. at ¶ 21.) On January 24, 2019, Plaintiff met with Human Resources and was given a start date of February 18, 2019 at a new location. (Id. at ¶ 22.) Plaintiff reported to work at her assigned location, but the employees there did not know who Plaintiff was and said they had no need for her. Plaintiff called her supervisor, Jennifer Booker ("Ms. Booker"), who said she would get things "sorted out." (Id. at ¶ 23.)

Ms. Booker did not contact Plaintiff the following day. (Id. at ¶ 25.) Plaintiff texted Ms. Booker about where she would be working, and Ms. Booker responded that she or another supervisor, Megan LNU[3], would give Plaintiff a call after noon. Plaintiff did not receive a call from anyone at Defendant that day, and she was not contacted by anyone at Defendant about working again. (Id. at ¶¶ 26, 28.) Plaintiff alleges Defendant effectively terminated her employment on February 19, 2019. (Id. at ¶ 29.)[4]

## III. Procedural History

On August 15, 2018, Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"). (Id. at ¶ 6.) On September 24, 2019, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge. (Id. at ¶ 7.)

Plaintiff filed her Complaint in this Court against Defendant on December 17, 2019. (ECF 1.) On March 3, 2020, Defendant moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. (ECF 6.) On March 3, 2020,

---

[3] The Complaint only provides the supervisor's first name referring to her as Megan LNU or "Last Name Unknown."
[4] Defendant disputes Plaintiff's allegation that no one from Defendant contacted Plaintiff about returning to work again. Defendant alleges that, on February 22, 2019, Plaintiff and Ms. Booker discussed options for a new position. (Mem. of Law at 7 n.12.)

3

Plaintiff responded. (ECF 7) ("Resp."). On March 18, 2020, Defendant replied in support of its Motion to Dismiss. (ECF 8) ("Reply").

## IV. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips, 515 F.3d at 232 (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A court reviewing the sufficiency of a complaint must take three steps under the pleading regime established by Twombly and Iqbal.[5] First, "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, the court should identify allegations that,

---

[5] The Supreme Court in Ashcroft v. Iqbal described the process as a "two-pronged approach," but the Court first noted the elements of the pertinent claim leading the Third Circuit to describe the process as a three-step approach. Connelly v. Lane Const. Corp., 809 F.3d 780, 787 n.4 (3d Cir. 2016) (citing Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 n.4 (3d Cir. 2011).

"because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.  Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

## V.     Discussion

### A.     Legal Framework

For the purposes of pleading sufficiency, a complaint does not need to establish a *prima facie* case of discrimination under Title VII in order to survive a motion to dismiss.  Connelly, 809 F.3d at 788-89.  Instead the post-Twombly pleading standard simply calls for a plaintiff to allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).  At this stage of the proceedings, "it is enough for [the plaintiff] to allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." Connelly, 809 F.3d at 789.

#### 1.     Elements of Claim for Gender Discrimination

Discrimination claims under both Title VII and the PHRA "are governed by essentially the same legal standards." See id. at 791 n.8. For purposes of evaluating the sufficiency of Plaintiff's factual allegations, the elements of a claim of gender discrimination are:

(1) she belongs to a protected class;

(2) she is qualified for her position;

(3) she suffered an adverse employment action; and

(4) employees outside the protected class were treated more favorably.

Geraci v. Moody-Tottrup, Int'l Inc., 82 F.3d 578, 580 (3d Cir. 1996).

### 2. Elements of Claim for Pregnancy Discrimination

For purposes of evaluating the sufficiency of Plaintiff's factual allegations, to show a *prima facie* case of pregnancy discrimination Plaintiff must establish:

(1) she is or was pregnant and her employer knew;

(2) she was qualified for the job;

(3) she suffered an adverse employment action; and

(4) there was a nexus between her pregnancy and the adverse employment action that would allow a factfinder to infer discrimination.

Ahern v. EResearch Tech., Inc., 183 F. Supp. 3d 663, 669 (E.D. Pa. 2016) (Jones, II, J.).

### 3. Elements of Claim for Retaliation

Retaliation claims pursuant to Title VII and the PHRA are evaluated together because the same framework applies. Connelly, 809 F.3d at 792 n.9. For purposes of evaluating the sufficiency of the Plaintiff's claims of retaliation, the elements are:

(1) the employee engaged in a protected employee activity;

(2) the employee was subject to an adverse action by the employer either subsequent to or contemporaneous with the protected activity; and

(3) there is a causal connection between the protected activity and the adverse action.

Murphy v. Hotwire Commc'ns LLC, No. 19-5901, 2020 WL 2128472, at *6 (E.D. Pa. May 5, 2020) (Baylson, J.) (citing Fasold v. Justice, 409 F.3d 178, 188 (3d Cir. 2005)).

### B. Parties' Arguments

#### 1. Defendant's Motion to Dismiss

Defendant contends that Plaintiff's Complaint fails to state a plausible cause of action for which relief may be granted pursuant to relevant law as to Counts I, II, and III. Defendant provides

two reasons why Counts I, II, and III should be dismissed: (i) Plaintiff provides insufficient factual allegations to sustain a pleading upon information and belief and (ii) Plaintiff did not engage in conduct protected under relevant law.

First, Defendant contends that Plaintiff fails to set forth factual allegations establishing all four elements of a *prima facie* claim of gender or pregnancy discrimination. (Mem. of Law at 9.) Defendant does not contest the sufficiency of Plaintiff's factual allegations related to the first three elements of her discrimination claim. Defendant argues that Plaintiff's allegations related to the fourth element are insufficient because Plaintiff has not provided additional factual allegations to support a pleading upon information and belief. (Id. at 11.)

Second, Defendant contends that Plaintiff's claims of retaliation must fail as a matter of law because Plaintiff has not engaged in protected conduct. Defendant contends pregnancy-related leave is not protected conduct pursuant to relevant law. Further, Defendant notes that Plaintiff does not allege that she made any complaint of discrimination during her employment or engaged in any other protected conduct listed in the statutes. (Id. at 12-13.)

### 2. Plaintiff's Response to Defendant's Motion to Dismiss

In response, Plaintiff argues that she pleaded sufficient facts to state a claim to relief that is plausible on its face, and Defendant's Motion to Dismiss Counts I, II, and III should be denied. (Resp. at 4.)

Plaintiff argues that the gender and pregnancy discrimination claims (Counts I, II, and III) should not be dismissed because she has stated *prima facie* claims. (Id. at 5.) In addition to the pleading upon information and belief of disparate treatment, Plaintiff argues the temporal proximity between her effective termination date and her return from maternity leave, standing alone, is enough to raise an inference of discrimination and retaliation. (Id. at 7.)

Additionally, Plaintiff argues that the PDA requires that an employer treat a pregnant woman in the same fashion as any other temporarily disabled employee. As such, Plaintiff alleges that her request for pregnancy-related leave establishes both protected activity and a claim for retaliation because it is analogous to an employee with a temporary disability doing the same. (Id. at 7-8.)

### 3. Defendant's Reply in Support of Its Motion to Dismiss

Defendant again contends that Plaintiff fails to support her claims of discrimination and retaliation with sufficient factual allegations. Further, Defendant contends that Plaintiff's pleading upon information and belief about disparate treatment is not supported with sufficient factual allegations. (Reply at 1.)

## C. Analysis

As noted above, Plaintiff alleges that Defendant discriminated and retaliated against her on the basis of her gender and pregnancy. However, Plaintiff has not supported her claims of discrimination and retaliation with sufficient factual allegations to raise her right to relief above the speculative level.

### 1. Gender and Pregnancy Discrimination Claims

To state a gender or pregnancy discrimination claim under the cited statutes, a plaintiff must plead facts that support the four elements of each claim listed above. Defendant argues that the element of disparate treatment, specifically the existence of other employees who were treated more favorably than Plaintiff, is the key allegation of Plaintiff's Complaint and it is not properly supported. (Mem. of Law at 7.)

Defendant contends that Paragraph 30 of the Complaint is not supported with sufficient factual allegations. (Mem. of Law at 11.) The Third Circuit has explained that pleading upon

information and belief is permissible where the factual information is "peculiarly within the defendant's knowledge or control" and the plaintiff accompanies their legal theory with sufficient factual allegations that make their theoretically viable claim plausible. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997)). However, boilerplate and conclusory allegations do not support a pleading upon information and belief. In re Rockefeller Ctr., 311 F.3d at 216.

Here, Plaintiff provides no factual allegations beyond her pleading upon information and belief that suggest Defendant subjected her to disparate treatment by allowing other similarly situated nonpregnant employees to take leave and be reinstated. While it is possible that this information is peculiarly within the Defendant's control, without additional factual allegations, Plaintiff's theory of disparate treatment does not rise beyond the level of possible to plausible. Additionally, the temporal proximity of Plaintiff's return from leave and effective termination date can support an inference of discrimination, but without additional factual allegations the pleading of disparate treatment remains conclusory. Therefore, to the extent the Complaint alleges discrimination based on Plaintiff's gender and pregnancy, these theories are inadequately pleaded.[6]

### 2. Gender Discrimination and Pregnancy Discrimination Retaliation Claims

To state a claim of retaliation under the cited statutes, a plaintiff must plead facts that support the three elements listed above; that is, that Plaintiff engaged in a protected activity; Plaintiff was subject to an adverse action; and the protected activity and adverse action were causally connected. Defendant argues that Plaintiff has not stated a claim for retaliation because

---

[6] Because the Court concludes that discrimination is inadequately pleaded under Title VII, it necessarily follows that Plaintiff's claims of discrimination under the PHRA fail. See, e.g., Bartlett v. Kutztown Univ., No. 13-4331, 2015 WL 766000, at *9 n.12 (E.D. Pa. Feb. 23, 2015) (Jones, II, J.) ("Because the analysis for adjudicating gender discrimination claims under the PHRA is identical to that of a Title VII inquiry, this Court need not address Plaintiffs' PHRA claim for gender discrimination . . . separately.").

she has not sufficiently alleged that she was engaged in a protected activity. (Mem. of Law at 12-13.) In response, Plaintiff analogizes her requesting pregnancy-related leave to an employee with a temporary disability requesting leave pursuant to the ADA. Plaintiff uses this analogy to suggest that the request for leave in both circumstances establishes protected activity and a claim for retaliation. (Resp. at 8.)

The notion that Plaintiff's request for maternity leave should be analyzed under the ADA does not deserve credence because Plaintiff is not covered under the ADA nor did she make her request for leave pursuant to the ADA. Courts in this District have been clear that "[p]regnancy, alone, does not constitute disability." Ahern, 183 F. Supp. 3d at 668. Pregnancy related complications could constitute a disability under the ADA, but in the instant case the pregnancy and birth were without complications rendering Plaintiff's analogy unconvincing. Id.; (Compl. at 3-4.)

A complaint that pleads facts "merely consistent with a defendant's liability … stops short of the line between possibility and plausibility of entitlement to relief." Connelly, 809 F.3d at 786 (citing Iqbal, 556 U.S. at 678). The plausibility standard requires that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." Id. Claims of retaliation under Title VII require facts that support the three elements listed above and in order to survive a motion to dismiss, the factual allegations must be sufficient to raise a reasonable expectation that discovery will uncover proof of the claims. Id. Because the Complaint in this case does not allege facts demonstrating that Plaintiff was engaged in an activity protected by Title VII, the retaliation theories asserted in Counts I and II fail.

**D.     Leave to Amend**

The Third Circuit has instructed that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245.  Plaintiff requested the Court grant leave to amend if the Defendant's Motion to Dismiss is granted in any respect, and Defendant has raised no objections. In line with the "liberal" policy favoring leave to amended embodied in Rule 15, the Court grants Plaintiff thirty days to amend the Complaint to cure the deficiencies.  Spartan Concrete Prods., LLC v. Argos USVI, Corp., 929 F.3d 107, 115 (3d Cir. 2019).

**VI.     Conclusion**

Plaintiff has not pleaded sufficient factual allegations to fully support her claims of gender and pregnancy discrimination and retaliation.  With additional factual allegations, Plaintiff could cure the deficiencies of the Complaint.  For the foregoing reasons, Defendant's Motion to Dismiss is granted as to Counts I, II, and III. Counts I, II, and III are dismissed without prejudice, and Plaintiff may file an amended complaint within thirty (30) days.

An appropriate Order follows.

O:\CIVIL 19\19-5967 Keita\19cv5967 Memorandum re Motion to Dismiss