## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nana Keita,<br><div align="right">**Plaintiff,**</div><div align="center">v.</div>Delta Community Supports, Inc.,<br><div align="right">**Defendant**</div> | **CIVIL ACTION NO. 19-5967** |

Baylson, J.                     **MEMORANDUM**                     November 5, 2020

### I.     Background

In December 2019, Plaintiff, Nana Keita, filed a Complaint against Defendant, Delta Community Supports.  She contended that Defendant violated her rights by terminating her employment on the basis of her gender and pregnancy, and in retaliation for her requesting and taking pregnancy-related leave.  She brought one count under each of the following statutes: Title VII, the Pregnancy Discrimination Act ("PDA"), the Pennsylvania Human Relations Act ("PHRA"), and the Family and Medical Leave Act ("FMLA").  Each cause of action stemmed from her allegation that she was wrongfully terminated because she took pregnancy-related leave.

Defendant filed a motion to dismiss three of Plaintiff's four causes of action, arguing that Plaintiff had not pled prima facie cases under Title VII, PDA, and the PHRA.  This Court granted that motion, dismissing Counts I, II, and II of the Complaint without prejudice and with leave to amend within thirty days.

Plaintiff filed an Amended Complaint on July 22, 2020.  Defendant again filed a Motion to Dismiss, arguing that the Amended Complaint did not plead facts sufficient to support Count I's retaliation claim under Title VII or the PDA, but did not challenge the discrimination claim contained in Counts I (Title VII and PDA) and II (PHRA), nor any part of Count III (FMLA).  In

response, Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint. The Second Amended Complaint adds information that support claims for retaliation under the PDA and PHRA.

## II.    Parties' Arguments

Defendant argues that Plaintiff's Motion for Leave to Amend should be denied because the proposed Second Amended Complaint does not plead a plausible claim for retaliation under Title VII or the PHRA. (Mot. to Dismiss 3, ECF 24). Specifically, Defendant contends that opposing an employment decision does not constitute protected conduct under either statute; therefore, because Plaintiff has not pleaded sufficiently, the Second Amendment Complaint would not survive a Motion to Dismiss and leave to amend should be denied. (Id. at 4–5).

Defendant also argues that Plaintiff did not exhaust administrative remedies. (Id. at 5). Defendant alleges that Plaintiff's EEOC filing was inadequate because the charge did not reference discrimination based on gender or pregnancy. (Id. at 5–6). Accordingly, Defendant contends that it was never on notice that Plaintiff asserted she engaged in protected activity or that she was complaining of discrimination. (Id. at 6) Therefore, Defendant argues, the claim Plaintiff now attempts to bring was not within the scope of the EEOC Charge, and Plaintiff failed to exhaust administrative remedies. (Id.)

## III.    Legal Standards

Courts should freely grant motions to amend the pleadings when justice so requires. Fed. R. Civ. P. 15(a). When deciding whether to allow amendment of a complaint, the court must consider "'if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party,' or if the amended complaint would be futile." Fletcher Partners, LLC v. Truist

Bank, No. 2:20-cv-00775-JMG, 2020 WL 5407857, *1 (E.D. Pa. Sept. 9, 2020) (quoting Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (Gallagher, J.). An amendment is futile if it "will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

To withstand a new motion to dismiss, Plaintiff's proposed Second Amended Complaint must plead plausible claims under the PDA and the PHRA. The relevant provisions of each statute have "nearly identical language," and require the same elements to establish a prima facie claim.[1] See Driscoll v. Lincoln Tech. Inst., 702 F. Supp. 2d 542, 545–46 (E.D. Pa. 2010) (Rufe, J.).

A plaintiff engages in "protected activity" under Title VII when she either participates in Title VII proceedings, or opposes discrimination made unlawful by Title VII. Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006). If a plaintiff has complained to her employer about conduct prohibited by Title VII, that counts as a protected activity. Connelly v. Lane Const. Corp., 809 F.3d 780, 792 (3d Cir. 2016). The employee must have a reasonable, good faith belief that the conduct violated Title VII. Moore, 461 F.3d at 341. The standard is the same for the PHRA: plaintiffs must demonstrate that employees discriminated against them either because they opposed a practice forbidden by the act, or because they made a charge, testified, or assisted in any investigation, proceeding or hearing under the act. Rife v. Borough of Dauphin, 647 F. Supp. 2d 431, 433 (M.D. Pa. 2009).

---

[1] A prima facie claim under each statute requires three elements: (1) that Plaintiff engaged in activity protected by the statute; (2) that the employer took an adverse employment action against the Plaintiff; and (3) that there was a causal connection between the Plaintiff's participation in the protected activity and the adverse employment action. Driscoll, 702 F. Supp. at 545–46.

Plaintiffs must also exhaust administrative remedies before seeking judicial relief.  See Antol v. Perry, 82 F.3d 1291, 1295–96 (3d Cir. 1996) ("As a precondition to bringing suit under Title VII and the PHRA, a plaintiff must exhaust a claim by presenting it in an administrative charge to the EEOC and the Pennsylvania Human Relations Commission.")  In the Third Circuit, courts must determine "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint or the investigation arising therefrom."  Id. at 1295.  Further, courts should "liberally construe[]" the original administrative complaint, as they are "often drafted by one who is not well versed in the art of legal description."  Hicks v. ABT Assocs., Inc., 572 F.2d 960, 965 (3d Cir. 1978).  Under the PHRA, exhaustion occurs when the PHRC dismisses the complaint, enters a conciliation agreement, or does not resolve the complaint within one year.[2] Jones v. Del. River Stevedores, Inc., No. 18-4276, 2019 WL 498517, *2 (E.D. Pa. Feb. 7, 2019) (Savage, J.).

## IV.    Discussion

This Court will grant Plaintiff's Motion for Leave to Amend.  The proposed Second Amended Complaint is not futile, and Plaintiff has exhausted the administrative process.

### A.  Futility of Amendment

Plaintiff's proposed Second Amended Complaint is not futile.  It pleads a plausible claim for retaliation under Title VII and the PHRA.  The Complaint alleges that Plaintiff complained to her supervisor about her removal due to her pregnancy.  (Proposed Second Am. Compl. ¶ 36, 44, 45, 51, ECF 23-3, Ex. A) (Plaintiff "oppos[ed] her removal from her position because of her

---

[2] Defendant does not contest exhaustion on this ground.  It only contends that the subsequent lawsuit was not within the scope of the Charge.

pregnancy.") Plaintiffs need not make complaints to employers with any heightened level of specificity. See Newell v. Heritage Senior Living, LLC, No. 12-6094, 2016 WL 427371, *7 (E.D. Pa. Feb. 3, 206) ("Protests or complaints need not specify 'discrimination' or other 'magic words' to qualify as protected activity. They must merely indicate that discrimination on the basis of disability is an issue." (internal citation omitted)) (Stengel, J.).

The Court acknowledges Defendant's argument that Plaintiff's Second Amended Complaint is not factually specific on this issue. Plaintiff could have pleaded more clearly, indicating precisely what she communicated to her supervisor regarding her removal. Still, the pleading passes muster at this point in the litigation, especially given the liberal standard for granting motions for leave to amend. Although vague, Plaintiff did plead that she complained to her supervisor about her removal within the context "of her pregnancy."

## B. Administrative Exhaustion

Plaintiff also exhausted administrative remedies. Plaintiff's Charge of Discrimination filed with the EEOC and Pennsylvania Commission on Human Rights checked off the boxes designating "retaliation" and "pregnancy" as the basis of the charge. (Def.'s Mem. of Law in Resp. to Pl.'s Mot. for Leave to File a Second Am. Compl., ECF 24, Ex. B). Moreover, in describing the particulars of the charge, Plaintiff explained the charge was brought "with respect to [her] unlawful termination from employment on the basis of [her] pregnancy," and that she "believe[d] and therefore aver[red] that Responded terminated [her] employment on the basis of [her] pregnancy." (Id.) Again, given that courts should liberally construe administrative complaints, the relevant claims in Plaintiff's Second Amended Complaint are well within the scope of this Charge.

## V.     <u>**Conclusion**</u>

Considering the liberal standards governing amendments and exhaustion, Plaintiff's Motion for Leave to File a Second Amended Complaint is **GRANTED**.  Note that this renders Defendant's Motion to Dismiss the First Amended Complaint moot.  An appropriate Order follows.

O:\CIVIL 19\19-5967 Keita\19cv5967 Keita v. Delta Comm Supports_memo granting leave to file am compl.docx